UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-180-RJL |
| v. : | |
| : | |
| ELIAS COSTIANES, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO PERMIT A DESIGNATED LAW ENFORCEMENT AGENT TO BE PRESENT AT COUNSEL TABLE DURING TRIAL**

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby moves, pursuant to Federal Rule of Evidence 615(b), to permit the government to designate a law enforcement agent to remain at counsel table throughout the trial. The government submits the following points and authorities in support of its Motion.

**DISCUSSION**

Federal Rule of Evidence 615 requires the Court, upon a party's request or at its own initiative, to exclude witnesses from the courtroom "so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Rule 615 excludes certain categories of witnesses from exclusion, including "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Id. 615(b). Rule 615(b) "allows the government to have any law enforcement officer it wants at its counsel table." United States v. Phibbs, 999 F.2d 1053, 1073 (6th Cir. 1993). "It has been authoritatively determined, based on the legislative history of the Rule, that a government investigative agent involved in a criminal prosecution . . . is within this exception." United States v. Parodi, 703 F.2d 768, 773 (4th Cir. 1983); see also United States v. Rhynes, 218 F.3d 310, 318 n.8 (4th Cir. 2000) (noting that Rule 615 "allow[s] the prosecution's case agent to remain at counsel table with the prosecutor, hear the other witnesses

testify, and nevertheless testify on behalf of the prosecution"). As noted in the Senate Judiciary Committee Report 93-1277:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in – he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. . . .
>
> This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, at 7072 (1974), U.S.C.C.A.N. 7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615.

WHEREFORE, for the foregoing reasons, the United States moves this Court to allow a designated law enforcement agent to remain at counsel table during trial.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By: /s/ John W. Borchert
JOHN W. BORCHERT (D.C. Bar No. 472824)
Assistant United States Attorney
Fraud Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-7679
John.Borchert@usdoj.gov

October 1, 2021

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October 2021, I served a copy of the foregoing on counsel for the defendant via the Court's ECF system.

_____
JOHN W. BORCHERT
Assistant United States Attorney