# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00180-RJL-1 |
| v. | **MOTION TO SUPPRESS STATEMENTS** |
| ELIAS COSTIANES, | |
| Defendant. | |

      COMES NOW, Elias Costianes, through counsel, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to respectfully request this Honorable Court to prohibit, at the trial in this matter, the use of any and all statements made by the defendant. In support of this motion counsel has provided the accompanying Memorandum of Points and Authorities.

Dated: October 14, 2021

 

_____
Joseph R. Conte
Counsel for Elias Costianes
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone:    202.638.4100
Fax:      202.628.0249
Email:  dcgunlaw@gmail.com

*United States v. Elias Costianes*
Case No. 1:21-cr-00180-RJL-1
Motion to Suppress Statements
Page 1

STATEMENT SUPPRESS21/10/14 12:53:33

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone: 202.638.4100
Email: dcgunlaw@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00180-RJL-1 |
| v. | **MOTION TO SUPPRESS STATEMENTS** |
| ELIAS COSTIANES, | |
| Defendant. | |

## BACKGROUND

On February 12, 2021, the defendant was arrested by members of the Federal Bureau of Investigation. While in transit from his home in Nottingham, Maryland and the FBI Field Office in Washington, D.C. the defendant was alleged to have made statements to the agents. The statements were made while the defendant was in custody and prior to being advised of or fully understanding his *Miranda v. Arizona* 384 U.S. 463 (1966) rights or the waiver of these rights was defective. Additionally, the statements were not voluntary.

## ARGUMENT

*United States v. Elias Costianes*
Case No. 1:21-cr-00180-RJL-1
Motion to Suppress Statements
Page 2

STATEMENT SUPPRESS21/10/14 12:53:33

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone: 202.638.4100
Email: dcgunlaw@gmail.com

I. **Miranda.**

Before interrogating a person who is in custody "or otherwise deprived of his or her freedom of action in any significant was," the police must expressly advise the person (1) that he or she has a right to remain silent; (2) that any statement he or she makes may be used as evidence against him or her; (3) that he or she is entitled to "to consult with a lawyer and to have a lawyer with him or her during interrogation"; (4) that an attorney will be appointed to represent him or her if he or she cannot afford to retain one; and (5) that he or she may exercise any of these rights at any point during the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 471 (1966). *Accord Dickerson v. United States* 120 S.Ct. 2326 (2000) The *Miranda* requirements apply if a person is in custody "or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444. See also, *Rhode Island v. Innis*, 446 U.S. 291 (1980). Absent full *Miranda* warnings any statement is inadmissible.

II. **Voluntariness**

The government has the burden of proving by a preponderance of the

| *United States v. Elias Costianes* | | Joseph R. Conte |
| Case No. 1:21-cr-00180-RJL-1 | | Law Office of J.R. Conte |
| Motion to Suppress Statements | | 400 Seventh St., N.W., #206 |
| Page 3 | | Washington, D.C. 20004 |
| | | Phone: 202.638.4100 |
| STATEMENT | | Email: dcgunlaw@gmail.com |
| SUPPRESS21/10/14 12:53:33 | | |

evidence that the defendant's confession or statement is voluntary.  See *Lego v. Twomey*, 404 U.S. 477, 484 (1972); *United States v. Wiggins*, 166 U.S. App. D.C. 121, 128, 509 F.2d 454, 461 (1975); *Hawkins v. United States*.  The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker.: *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961) (plurality opinion), approved in *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973).

The question of the voluntariness of a confession is separate and distinct from the issue of compliance or non-compliance with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966).  Thus, as the evidence will show voluntariness may still be an issue even though the Miranda requirements have been met. *See United States v. Bernett*, 161 U.S. App. D.C. 363, 368-70, 495 F.2d 943, 948-50 (1974).

The Supreme Court has noted that "a confession, in order to be admissible, must be free and voluntary;  that is, . . . not. . . obtained by any direct or implied promises, however slight.: *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 347 (1963) (quoting *Bram v. United States*, 168 U.S. 532, 542-43 (1897)).  Promises of leniency or threats of additional prosecution made by the police constitute psychological "coercion," so that resulting statements are involuntary.  See *United*

| | | |
|---|---|---|
| *United States v. Elias Costianes*<br>Case No. 1:21-cr-00180-RJL-1<br>Motion to Suppress Statements<br>Page 4<br><br>STATEMENT<br>SUPPRESS21/10/14 12:53:33 | | Joseph R. Conte<br>Law Office of J.R. Conte<br>400 Seventh St., N.W., #206<br>Washington, D.C. 20004<br>Phone:  202.638.4100<br>Email:  dcgunlaw@gmail.com |

*States v. Blocker*, 354 F.Supp. at 1201 n. 31.

   A hearing on this motion will show that the defendant's statements were not voluntary and were made while under arrest but before the defendant was advised of his rights or before the defendant fully understood his rights.

   WHEREFORE counsel respectfully requests that this motion be granted.

Dated: October 14, 2021

                          _____

                           Joseph R. Conte

| | |
|---|---|
| *United States v. Elias Costianes*<br>Case No. 1:21-cr-00180-RJL-1<br>Motion to Suppress Statements<br>Page 5<br><br>STATEMENT<br>SUPPRESS21/10/14 12:53:33 | Joseph R. Conte<br>Law Office of J.R. Conte<br>400 Seventh St., N.W., #206<br>Washington, D.C. 20004<br>Phone: 202.638.4100<br>Email: dcgunlaw@gmail.com |