**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-cr-180-RJL** |
| **v.** | : | |
| | : | |
| **ELIAS COSTIANES,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Opposition to Defendant Elias Costianes' Motion to Suppress Statements.  In support of its opposition, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter.

**BACKGROUND**

On February 12, 2021, at approximately 6:40 a.m., Eastern Standard Time ("EST"), Defendant Elias Costianes was arrested in Maryland pursuant to a criminal complaint filed for his participation in the riot at the United States Capitol on January 6, 2021.  At that time, law enforcement agents verbally provided Defendant Costianes with his *Miranda* rights by reading from the Federal Bureau of Investigation's ("FBI") Form FD-395 "Advice of Rights," and Defendant Costianes stated "yes," confirming that he understood each right as advised to him. Furthermore, Defendant Costianes stated that he was willing to answer questions without a lawyer present, waiving his *Miranda* rights.  Although the line for the defendant's signature was left blank, FBI Special Agents Shappee and O'Rourke completed and signed the written "Advice of Rights" form.  Following Defendant Costianes' verbal waiver of his *Miranda* rights, law enforcement agents questioned him for approximately thirty-five minutes, from 6:40 a.m. to 7:15

a.m.

At 7:25 a.m. that morning, law enforcement agents began transporting Defendant Costianes to the Washington Field Office for booking and initial appearances before the U.S. District Court for the District of Columbia.  At this time, they verbally reminded Defendant Costianes of his *Miranda* rights, and he again confirmed that he understood his rights and was willing to answer questions.  As a result, law enforcement agents questioned Defendant Costianes a second time for approximately fifty minutes, from 7:25 a.m. to 8:15 a.m.

On October 14, 2021, Defendant Costianes filed a motion seeking to suppress the statements he made to law enforcement following his arrest on February 12, 2021 [hereinafter "Def.'s Mot."].  *See* Dkt. 29.  In his motion, Defendant Costianes asserts that he was not advised of his *Miranda* rights and that his statements were not voluntary, so his statements to law enforcement agents on October 14 must be suppressed.  Def.'s Mot. at 3–5.

## ARGUMENT

Defendant Costianes' Motion to Suppress Statements should be denied because (1) he knowingly and voluntarily waived his *Miranda* rights and (2) his post-waiver statements were voluntary and not the product of improper conduct by law enforcement.

## I.   DEFENDANT COSTIANES KNOWINGLY AND VOLUNTARILY WAIVED HIS *MIRANDA* RIGHTS

"In order to be able to use statements obtained during custodial interrogation of the accused, the State must warn the accused prior to such questioning of his right to remain silent and of his right to have counsel, retained or appointed, present during interrogation."  *Fare v. Michael C.*, 442 U.S. 707, 717 (1979); *see also Dickerson v. United States*, 530 U.S. 428, 435 (2000).  A defendant waives his *Miranda* rights if "the waiver is made voluntarily, knowingly, and intelligently."  *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (quoting *Miranda v. Arizona*,

384 U.S. 436, 444 (1966)).  And an express written waiver is not necessary to establish that a

defendant has waived his *Miranda* rights.  *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).

First, a waiver is voluntary if "it was the product of a free and deliberate choice rather than

intimidation, coercion, or deception," *Burbine*, 475 U.S. at 421, and this voluntariness standard is

essentially the same as the Due Process voluntariness standard, *see Colorado v. Connelly*, 479

U.S. 157, 169 (1986).  Voluntariness is evaluated under the totality of the circumstances,

*Burbine*, 475 U.S. at 421, and factors may include the accused's age, education or intelligence

level, lack of advice concerning his constitutional rights, length of detention prior to the waiver

being given, repeated and prolonged nature of questioning, and the use of physical punishment.

*See, e.g.*, *Schneckloth v. Bustamonte*, 421 U.S. 218, 226 (1972); *United States v. Hall*, 969 F.2d

1102, 1107 (D.C. Cir. 1992) (internal citations omitted).  Further, absent coercive police conduct,

there is no basis for concluding that the State has deprived a criminal defendant of his due

process rights.  *United States v. Yunis*, 859 F.2d 953, 966 (D.C. Cir. 1988) (holding that

discomfort and surprise were insufficient to render a *Miranda* waiver involuntary absent any

coercive police action).  Second, a waiver is "knowing and intelligent" if it was "made with a full

awareness of both the nature of the right being abandoned and the consequences of the decision

to abandon it," *Burbine*, 475 U.S. at 421, but a criminal defendant need not "know and

understand every possible consequence of a waiver," *Colorado v. Spring*, 479 U.S. 546, 574

(1987).  Here, Defendant Costianes' waiver of his *Miranda* rights was both (a) voluntary and (b)

knowing and intelligent, so his claim that he did not waive his rights must fail.

      **A.**    **Defendant Costianes' Waiver of his *Miranda* Rights was Voluntary**

     In this case, Defendant Costianes' voluntarily waived his *Miranda* rights prior to making

statements to law enforcement agents.  Upon arrival at the defendant's home, a law enforcement

agent verbally explained his *Miranda* rights to the defendant; the defendant affirmatively responded "yes"—that he understood his rights and was willing to answer questions. Another law enforcement agent witnessed this conversation. After a brief thirty-minute conversation, law enforcement agents informed the defendant that he would be transported to the Washington Field Office for booking and reminded him a second time of his *Miranda* rights. Defendant Costianes again responded that he understood those rights and was nonetheless willing to answer questions. The law enforcement agents' multiple reminders of the defendant's *Miranda* rights and his repeated assurances that he was still willing to answer questions undercuts any suggestion that his waiver was involuntary in any way. Defendant Costianes describes no circumstances that would otherwise render his waiver involuntary, as it was "the product of a free and deliberate choice." *Burbine*, 475 U.S. at 421.

Additionally, Defendant Costianes' waiver of his *Miranda* rights was voluntary even without a signed waiver of rights form. "The fact that a defendant has not signed a waiver of rights is not dispositive; indeed, it is largely irrelevant." *United States v. Jones*, 142 F. Supp. 3d 49, 63 (D.D.C. 2015); *see also United States v. Foskey*, 636 F.2d 517, 522 (D.C. Cir. 1980) ("Refusal to sign a waiver does not mean that the person interrogated is assuming a contradictory position with respect to his willingness to respond to oral questions, whatever may be his motive in doing so.") (cleaned up) (quoting *United States v. Cooper*, 499 F.2d 1060, 1062 (D.C. Cir. 1974)); *United States v. McNeil*, 433 F.2d 1109, 1113 (D.C. Cir. 1969) ("Certainly the execution of [a waiver form] was not a condition precedent to an effective waiver."); *United States v. Moghadam*, 733 F. Supp. 134, 136 n.4 (D.D.C. 1990) (noting that "the law does not require a signing of a waiver form, but that the *Miranda* rights be read and that the defendant understands his rights).

Here, Federal Bureau of Investigation Special Agents Shappee and O'Rourke completed and signed a written "Advice of Rights" form, but the line for the defendant's signature was left blank.  In *Jones*, the defendant also did not sign a waiver of rights form, even though Metropolitan Police Department officers had one prepared; the Court still concluded that the defendant's waiver was knowing, intelligent, and voluntary, ultimately denying the defendant's motion to suppress statements.  *Jones*, 142 F. Supp. 3d at 63.  Similarly, Defendant Costianes' statements are voluntary even though he did not sign a waiver of rights form.

> **B.   Defendant Costianes' Waiver of his *Miranda* Rights was Knowing and Intelligent**

The defendant's waiver was also knowing and intelligent.  He was provided his *Miranda* rights multiple times, and each time, he indicated verbally that he understood his rights and was nonetheless willing to answer the law enforcement agents' questions.  Further, Defendant Costianes does not and cannot identify any defect in the government's verbal statement of his rights.  A lack of written waiver does not constitute any defect in a defendant's waiver of his *Miranda* rights, and in fact, a written and signed waiver of rights is not necessary to determine that Defendant Costianes waived his *Miranda* rights.  *See Jones*, 142 F. Supp. 3d at 63; *Foskey*, 636 F.2d at 522; *Cooper*, 499 F.2d at 1062; *McNeil*, 433 F.2d at.  His conduct and responses to the law enforcement agents further illustrate that he was alert and engaged during the interview and his subsequent arrest.

Defendant Costianes' background also helps demonstrate that he made a knowing and intelligent waiver.  He was forty-three years old at the time of the interview and arrest, and he had not reported any current physical, medical, or psychological concerns.  He also noted that he maintains and regularly updates a YouTube channel with approximately ten-thousand followers.  Finally, he explained during the interview that he believes that the public has a journalistic role

5

in witnessing United States history, demonstrating that he has an understanding of civic engagement and of his rights.

In the end, given that Defendant Costianes explicitly stated multiple times throughout his interview and arrest that he understood his rights and still was willing to answer questions in the absence of legal representation, he is hard-pressed to prevail in his claim that his waiver of his *Miranda* rights was invalid or involuntary. *North Carolina v. Butler*, 441 U.S. at 373 (express waiver is strong proof of validity of the waiver).

## II.    DEFENDANT COSTIANES' STATEMENTS WERE VOLUNTARY.

A criminal defendant's statement is voluntary for purposes of due process if it is "the product of an essentially free and unconstrained choice by its maker." *Schnecklock v. Bustamonte*, 412 U.S. 218, 225–26 (1973) (citing *Columbe v. Connecticut*, 367 U.S. 568, 602 (1961)). A statement is inadmissible only "if under the totality of the circumstances it was involuntarily obtained." *United States v. Reed*, 522 F.3d 354, 358–59 (D.C. Cir. 2008) (quoting *United States v. Bradshaw*, 935 F.2d 295, 299 (D.C. Cir. 1991)). The totality of the circumstances analysis considers "the characteristics of the accused and the details of the interrogation." *Schneckloth*, 412 U.S. at 226. Other relevant factors can include whether any direct or implied promises or threats were made to the defendant, *Arizona v. Fulminante*, 499 U.S. 279, 286-87 (1991), or whether and how often the defendant asserted his right to silence or counsel, *Mincey v. Arizona*, 437 U.S. 385, 400-01 (1978). The government must prove the voluntariness of a confession by "a preponderance of the evidence." *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The D.C. Circuit has held that "egregious facts [are] necessary to establish that the statements . . . made during questioning [are] involuntary." *United States v. Hallford*, 816 F.3d 850, 863 (D.C. Cir. 2016) (quoting *United States v. Mohammed*, 693 F.3d 192, 198 (D.C. Cir. 2012)). "Statements made where the circumstances are 'less than 'egregious' are usually

6

voluntary." *Hallford*, 816 F.3d at 863.  "[C]oercive police activity is a *necessary predicate* to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Connelly*, 479 U.S. at 167 (emphasis added).  The voluntariness analysis focuses on whether the confession was obtained by using means "so offensive to a civilized system of justice that they must be condemned."  *Miller*, 474 U.S. at 109.

Here, the totality of the circumstances supports the voluntariness of the defendant's custodial statements.  First, the defendant's own characteristics establish his capacity to give a voluntary statement.  He is forty-three years old, previously attended West Virginia University, and has worked as a manager at a car dealership in Maryland.  He has also maintained and regularly posted content on a YouTube channel with approximately ten-thousand followers. Although the defendant had previously suffered a head injury during a car accident approximately nine months prior to his arrest, the defendant has not asserted that this injury impacted his ability to understand his rights or communicate effectively.  There is no question that Defendant Costianes can understand and speak English—and that he understood the law enforcement agents when they informed him of his rights, questioned him, or when he volunteered to provide information.

Second, coercive conduct is necessary to find a defendant's statements involuntary, and there was no coercion, intimidation, threats, or promises made during the course of the law enforcement agents' conversation with Defendant Costianes.  *See Connelly*, 479 U.S. at 167. Instead, law enforcement agents began their conversation with the defendant by informing him of his right not to answer questions in the absence of legal representation, and Defendant Costianes affirmatively acknowledged that he understood those rights and volunteered to conduct an interview with the law enforcement agents.  They even reminded the defendant a

second time of his right not to answer questions or his right to obtain legal counsel, and he again chose to continue the interview.

Relatedly, the defendant also did not assert his rights to silence or counsel a single time during the interview with law enforcement agents even after being informed of his rights.

Overall, there was no remotely "egregious" or "offensive" conduct during the February 12, 2021 interview with Defendant Costianes. In fact, the defendant's motion does not even present a single fact suggesting impropriety on the part of the law enforcement agents that conducted the interviews and arrested the defendant. Thus, the totality of the circumstances demonstrates that Defendant Costianes' statements on February 12 were voluntary and should not be suppressed.

**<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, the United States respectfully requests that Defendant Elias Costianes' Motion to Suppress Statements be DENIED.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney


By: _____
JOHN W. BORCHERT (D.C. Bar No. 472824)
Assistant United States Attorney
Fraud Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-7679
John.Borchert@usdoj.gov

October 29, 2021

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2021, I served a copy of the foregoing on

counsel for the defendant via the Court's ECF system.


_____

JOHN W. BORCHERT
Assistant United States Attorney