# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Baltimore Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ELIAS COSTIANES,<br><br>          Defendant. | Case No.: 1:21-cr-00458-JKB-1<br><br>**AMENDED MOTION TO SUPPRESS STATEMENTS** |

COMES NOW, Elias Costianes, through counsel, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to respectfully request this Honorable Court to prohibit, at the trial in this matter, the use of any and all statements made by the defendant. In support of this motion counsel has provided the accompanying Memorandum of Points and Authorities.

Dated: December 29, 2021

 

Joseph R. Conte
Counsel for Elias Costianes
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone:    202.638.4100
Fax:        202.628.0249
Email:   dcgunlaw@gmail.com

*United States v. Elias Costianes*
Case No. 1:21-cr-00458-JKB-1
Motion to Suppress Statements
Page 1

STATEMENT SUPPRESS AMENDED21/12/29 08:05:29

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone: 202.638.4100
Email: dcgunlaw@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Baltimore Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ELIAS COSTIANES,<br><br>    Defendant. | Case No.: 1:21-cr-00458-JKB-1<br><br>**AMENDED MOTION TO SUPPRESS STATEMENTS** |

## BACKGROUND

On February 12, 2021, Mr. Costianes was arrested by members of the Federal Bureau of Investigation who were simultaneously executing a search warrant on his home.  While in his home Mr. Costianes was interrogated concerning the firearms in his home.  While in transit from his home in Nottingham, Maryland and the FBI Field Office in Washington, D.C. the defendant was alleged to have made further statements to the agents.  On February 17, 2001, under the guise of returning personal property seized during the search, Mr. Costianes was again placed in custody and taken to the Franklin Square Hospital, Baltimore, Maryland where further statements were elicited from Mr. Costianes.

 The statements were made while the defendant was in custody and prior to being advised of or fully understanding his *Miranda v. Arizona* 384 U.S. 463 (1966) rights

United States v. Elias Costianes
Case No. 1:21-cr-00458-JKB-1
Motion to Suppress Statements
Page 2

STATEMENT SUPPRESS AMENDED21/12/29
08:05:29

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

or the waiver of these rights was defective. Additionally, the statements were not voluntary. Further, these statements of February 17, 2021, were taken by agents who were aware that Mr. Costianes was represented by counsel and without counsel being present.

**ARGUMENT**

**I.** *Miranda.*

Before interrogating a person who is in custody "or otherwise deprived of his or her freedom of action in any significant was," the police must expressly advise the person (1) that he or she has a right to remain silent; (2) that any statement he or she makes may be used as evidence against him or her; (3) that he or she is entitled to "to consult with a lawyer and to have a lawyer with him or her during interrogation"; (4) that an attorney will be appointed to represent him or her if he or she cannot afford to retain one; and (5) that he or she may exercise any of these rights at any point during the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 471 (1966). *Accord Dickerson v. United States* 120 S.Ct. 2326 (2000) The *Miranda* requirements apply if a person is in custody "or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444. See also, *Rhode Island*

v. *Innis*, 446 U.S. 291 (1980). Absent full *Miranda* warnings any statement is inadmissible.

## II. Voluntariness

The government has the burden of proving by a preponderance of the evidence that the defendant's confession or statement is voluntary. See *Lego v. Twomey*, 404 U.S. 477, 484 (1972); *United States v. Wiggins*, 166 U.S. App. D.C. 121, 128, 509 F.2d 454, 461 (1975); *Hawkins v. United States*. The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker.: *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961) (plurality opinion), approved in *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973).

The question of the voluntariness of a confession is separate and distinct from the issue of compliance or non-compliance with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). Thus, as the evidence will show voluntariness may still be an issue even though the Miranda requirements have been met. *See United States v. Bernett*, 161 U.S. App. D.C. 363, 368-70, 495 F.2d 943, 948-50 (1974).

The Supreme Court has noted that "a confession, in order to be admissible, must be free and voluntary;  that is, . . . not. . . obtained by any direct or

implied promises, however slight.: *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 347 (1963) (quoting *Bram v. United States*, 168 U.S. 532, 542-43 (1897)). Promises of leniency or threats of additional prosecution made by the police constitute psychological "coercion," so that resulting statements are involuntary. See *United States v. Blocker*, 354 F.Supp. at 1201 n. 31.

### III.  Absence of Counsel

On February 12, 2021, Mr. Costianes appeared for an Initial Appearance before Magistrate Judge Zia M. Faruqui in the United States District Court for the District of Columbia, Case Number 121-cr-00180-RJL-1, on an arrest warrant issued concomitant with the search warrant.  At the hearing Mr. Costianes orally moved for appointment of counsel and counsel was subsequently appointed. Having been appointed counsel the agents were required to contact counsel before meeting with and/or questioning Mr. Costianes.

A hearing on this motion will show that the defendant's statements were not voluntary and were made while under arrest but before the defendant was advised of his rights before the defendant fully understood his rights and without counsel present.

WHEREFORE counsel respectfully requests that this motion be granted.

Dated: December 29, 2021

_____
Joseph R. Conte