**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-180 (RJL) |
| | : | |
| ELIAS COSTIANES | : | |
| | : | |
| _____ | : | |

**<u>DEFENDANT'S MOTION TO CONTINUE TRIAL</u>**

Elias Costianes, by and through counsel, respectfully submits this Motion to Continue Trial in the above captioned matter. In support of this Motion, counsel states as follows.

1.     Mr Costianes is before the Court charged by Indictment with one count each of; Obstruction of Congress and Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2), 2; Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752 (a)(2); Entering and Remaining in the Gallery of Congress in violation of 40 U.S.C. §5104(e)(2)(B);  Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(D), and Demonstrating or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). Trial is currently set for Monday 12th February, 2024.

2.     On December 13, 2023, the United States Supreme Court granted certiorari in *Fischer v. United States*, Supreme Court docket number 23-5572. The question presented in that petition is whether the United States Court of Appeals for the District of Columbia Circuit erred in construing 18 U.S.C. § 1512(c), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence. In two pretrial motions to dismiss count 1,

Mr Costianes raised this very question. (ECF No. 32 & 46) Ultimately, this Court denied those Motions.

3.    Given the posture of the §1512 issue before the courts at this time, Mr Costianes respectfully requests that this Court continue this trial in this matter pending the resolution of *Fischer*. The §1512 charge in Mr Costianes Indictment is the leading count and sole felony, and as such is the significant driver of defense strategy and preparation. A decision in *Fischer* in favor of the petitioner would dramatically alter the landscape at trial in this case, not only from a defense perspective of trial preparation, but also regarding the ultimate presentation of evidence by the government. In short, the Court may find itself presiding over a trial in which the United States Supreme Court has yet to rule on "the rules of the game," and stands a more-than reasonable chance of involving the expenditure of judicial resources that may prove to have been unnecessary based on the outcome of *Fischer*. Moreover, given that the government's original offer to dispose of the case prior to trial involved the §1512 count, an offer rejected by Mr Costianes directly on the §1512 issue, a decision from the Supreme Court rendering the application of §1512 to these matters as in error has the potential for providing for a whole new avenue of options for pre-trial disposition in this case.[1]

The U.S. Supreme Court has already opined on the issue of pausing litigation in cases in which an issue is before the court that would potentially shape proceedings in matters pending. S*ee Harrington v. Wilber,* 670 F.Supp.2d 951, 955 (S.D. Iowa 2009) (*citing Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990). It may thus be "prudent and "warranted" to stay district court litigation amidst doubts about validity of a party's key position after the Supreme Court had granted

---

[1] As discussed, the §1512 count here is the only felony in the Indictment. Without this count, the case would mirror the countless other misdemeanor cases before these courts which have resulted in guilty pleas to Parading, Demonstrating, or Picketing in a Capitol Building, count 5 here.

certiorari in a case raising that very issue. *See Thomas v. Nakatani*, 128 F.Supp.2d 684, 693-94 (D. Hawaii 2000). In exercising the Supreme Court's own power to issue stays, a circuit justice has held that if it was likely that an application presented issues that were "not frivolous" and which would likely induce the Supreme Court to grant certiorari, a stay of district court proceedings should be granted. *See Russo v. Byrne*, 409 U.S. 1219, 1221 (1972) (J. Douglas); see also *Heckler v. Blankenship,* 465 U.S. 1301, 1302 (1984) (J. O'Connor) (staying district court where Supreme Court had already granted certiorari in another case that would provide guidance, and where case presents issues of potentially great legal and social significance).

4.      Counsel has discussed this request with the assigned AUSA here, Mr Raymond Woo. Mr Woo opposes this request. However, Mr Costianes posits that the government suffers no prejudice by the granting of this Motion. On the contrary, the government's preparation for, and presentation of evidence at, will be greatly aided by the parties and the Court knowing exactly the parameters of this trial. Put simply, should the *Fischer* decision be granted for the petitioner, the parties here would find themselves (if at all) preparing for a misdemeanor trial rather than a felony one. It cannot be reasonably argued that knowing this does not benefit all parties.

5.      Regarding the Speedy Trial Act, Mr Costianes agrees that the time limits mandated by 18 U.S.C. § 3161 are tolled for the period between the current trial date and any date agreed upon for the new trial date.


WHEREFORE, for the above reasons, Mr Costianes respectfully requests this Court grant this Motion to Continue Trial in the above-captioned proceeding pending resolution of *Fischer* before the U.S. Supreme Court.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper, (#478-082)
400 Fifth Street, NW.
Suite 350
Washington DC 20001
pcooper@petercooperlaw.com
Counsel for Elias Costianes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Continue Trial and to Exclude Time Under the Speedy Time Act is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 8th day of January, 2024.

/s/ *Peter A. Cooper*

Peter A. Cooper