UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-180 (RJL) |
| | : | |
| ELIAS COSTIANES, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America respectfully opposes Defendant Elias Costianes' motion to continue trial (ECF 79), which is, in effect, a motion to stay his trial until at least the summer of 2024.[1] On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which Costianes will stand trial on February 12, 2024. This development does not merit a stay of that trial date.

I.     **Procedural Background**

Costianes was first arrested on this case's original criminal complaint on February 12, 2021. ECF 5. On March 3, 2021, a grand jury returned a six-count indictment charging Costianes with (1) Obstruction of Congress and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2), 2; (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in

---

[1] Costianes styles the relief as a motion to continue the trial; however, the motion is properly considered as a motion to stay the proceedings. It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June 2024. Accordingly, the stoppage of all proceedings for upwards of six months is not a continuance; it is a stay of the proceedings pending the appeal.

violation of 18 U.S.C. § 1752(a)(2); (4) Entering or Remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B); (5) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (6) Parading, Demonstrating, or Picketing in a Capitol Building. ECF 7. On October 10, 2023, the Court set Costianes' trial date for February 12, 2024.

On January 8, 2024, Costianes filed a motion to continue the trial pending resolution of *Fischer* before the Supreme Court. ECF 79.

## II. Legal Standard

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

## III. Argument

Costianes' motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Costianes is likely to succeed on the merits of any challenge to a potential Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the

2

government's interpretation of Section 1512(c)(2). *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

      This case has been pending since February of 2021—almost three years. It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after Costianes committed the offenses charged in the Indictment. Delaying the trial for another six months or more would undermine the interests of the public in the timely adjudication of a case of significance. A further six-month delay in the proceedings is "substantial." *See United States v. Raymond*, No. 21-cr-380-CKK, 2023 WL 6317850, at *1 (Sept. 28, 2023).

Obstruction of an official proceeding is not Costianes' only charge. He is also charged with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Entering or Remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Regardless of the implications of *Fischer*, the public and the government have a right to resolution of Costianes' other charges. And because the evidence on those charges substantially overlaps with the evidence the government would use to prove the 1512 count, particularly the charge under 18 U.S.C. § 1752(a)(2), which requires the government to prove that Costianes acted with the intent to disrupt governmental business, and actually caused a disruption, the parties should proceed to trial on all counts as currently scheduled. Given that trial is scheduled for February 12, 2024, and any sentencing would likely not occur before June 2024, it is unlikely that Costianes would have finished – or even begun– serving any sentence imposed on the non-1512 charges before *Fischer* is decided in mid-June—all of which further demonstrates that the defendant cannot establish irreparable injury.

Costianes will not suffer any irreparable injury by proceeding with trial as scheduled. Even if Costianes is convicted of obstruction of an official proceeding and if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Costianes' conviction. And even if it did, the appropriate venue for challenging such a conviction would be a motion to set aside the verdict or a post-sentencing appeal, depending on the timing. In this respect, defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on

4

the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

As Judge Howell recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard." *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022). That is why interlocutory appeals are allowed only in rare cases. A stay does, however, prejudice the government. "The government also faces irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial." *Id.* at *7.

Any *potential* irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform

5

Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to the defendant.

Ultimately, Costianes' desire to have the Supreme Court resolve *Fisher* before his trial does not outweigh the government's and the public's interest in a speedy trial, particularly as there is a more appropriate mechanism to address this issue should Costianes be convicted. For all these reasons, Costianes' motion to continue trial should be denied, and the Court should proceed with trial on February 12, 2024. *See, e.g.*, Minute Order (Dec. 28, 2023), *United States v. Bradley Bennett*, 21-cr-312 (JEB) (denying defendant's motion to continue stay trial pending *Fischer* "given the length of time this case has been pending, the numerous other counts beyond Section 1512 he faces, and the fact that Defendant will not be sentenced (if at all) until after the Supreme Court decides [*Fischer*]"); Order, *United States v. Dunfee,* 23-cr-36 (RBW), ECF No. 59 (D.D.C. Dec. 14, 2023) (denying defendant's oral motion to stay trial pending Fischer).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Raymond K. Woo*
        Raymond K. Woo
        Assistant United States Attorney
        AZ Bar No. 023050
        601 D St., NW
        Washington, D.C. 20001
        raymond.woo@usdoj.gov
        (602) 514-7736

        */s/ Melanie Krebs-Pilotti*
        Melanie Krebs-Pilotti
        Trial Attorney- Antitrust Division
        Cal Bar. No. 241484
        601 D St., NW
        Washington, D.C. 20001

melanie.krebs-pilotti2@usdoj.gov
(202) 870-7457